IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLARD LEE HUMES,

      Petitioner,

v.                                      Criminal action no. 5:03CR38
                                           Civil action no.  5:05CV2
                                           (Judge Stamp)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On January 7, 2005, the *pro se* petitioner, an inmate at FCI-Morgantown, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

By Order entered on February 15, 2005, the respondent was ordered to answer the motion. On March 16, 2005, the respondent filed United States' Response to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255. On April 7, 2005, the petitioner filed Response to Respondent's Brief/Motion for Summary Judgment. On September 1, 2005 , the petitioner filed a Motion for Order for 6 Months Halfway House. The undersigned entered a Report and Recommendation September 27, 2005, recommending that all petitioner's claims be denied except that his attorney was ineffective for failing to file an appeal. An evidentiary hearing was held November 4, 2005 on the sole issue whether petitioner's counsel was ineffective for failing to file an appeal.

      **A. Conviction and Sentence**

On November 28, 2003, the petitioner signed a plea agreement agreeing to plead guilty to a one-count information charging him with theft of firearms from a federal firearms license. In the agreement the parties stipulated to the petitioner's relevant conduct. Specifically, the stipulation provided as follows:

> At all times during the period between December 1, 2000, and August 8, 2003, William Lee Humes, a.k.a. "Sonny" was employed as a primary "clerk" for R.B. Guns & Ammo, Inc., a Federal Firearms Licensee, in Wheeling, West Virginia. In the course of his employment between the aforementioned dates, the defendant stole and removed from the premises numerous firearms belonging to R.B. Guns & Ammo, Inc. The parties agree in their estimation that the applicable United States Sentencing Guideline is §2K2.1. The parties' stipulation does not encompass any agreement as to the applicability or inapplicability of any adjustments, enhancements, or reductions. The parties' stipulation does not encompass any agreement as to the total number of stolen firearms-except that such number does not exceed 134.

The plea agreement also contained a waiver of appellate and collateral attack rights. Specifically, the waiver provided as follows:

> The defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly makes the following waiver of his appellate rights in exchange for the concessions made by the United States in this plea agreement: (1) The defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement; and (2) the defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

> Notwithstanding the above waiver, the defendant retains his right to appeal a decision by the Court to depart upward. The United States waives its right to appeal the sentence, except in the case of a downward departure. The United States reserves its right to appeal a decision by the Court to depart downward. Neither party will have

> the right to appeal the Court's decision to *deny* an upward or downward departure. In the

event that there would be an appeal, each party reserves the right to argue in support of the sentence.

The petitioner entered his guilty plea in open court on December 8, 2003. On March 29, 2004, the petitioner appeared before the Court for sentencing. The Court found a base offense level of 12, but increased the offense level by 8 levels because the offense involved more than 100 firearms. The Court also enhanced the petitioner's sentence by 2 levels because the victim of the offense was an "Unusually Vulnerable Victim." However, the Court reduced the petitioner's offense level by three-levels for acceptance of responsibility. Thus, the Court found a total offense level of 19. The Court also found a criminal history category of I and a guideline range of 30-37 months. The Court sentenced the petitioner to 30 months. The Court also determined that the petitioner should pay restitution in the amount of $24,894.21 based on the value of the missing firearms and the travel expenses of the victim's son pursuant to U.S.C. §3663A(b)(4).

The petitioner did not appeal his conviction and sentence.

**B. Federal Habeas Corpus**

**Petitioner's Contentions**

(1)  Counsel was ineffective for failing to file a notice of appeal.

**Respondent's Contentions**

(1)  Petitioner never requested his counsel to appeal.

**Petitioner's Reply**

(1)　The petitioner asserts that he advised his attorney that he wanted to appeal his sentence and the illegal enhancements.

## II. FINDINGS OF FACT

Testimony was taken from petitioner Willard Lee Humes and his counsel, L. Richard Walker, Esquire, at the evidentiary hearing on November 4, 2005.

Petitioner testified that at the conclusion of his sentencing hearing on March 29, 2004, while standing at counsel's table, he asked Mr. Walker to appeal the case. Specifically, Petitioner said he asked Mr. Walker to appeal the sentence on the issue of the number of firearms. Petitioner testified Mr. Walker did not respond to this request.

Paragraph 10 of the plea agreement states in pertinent part: "The parties' stipulation does not encompass any agreement as to the total number of stolen firearms - except that such number does not exceed 134."

By letter dated June 19, 2004 (Petitioner's Exh. 1), petitioner asked Mr. Walker to appeal his sentence.

Mr. Walker stated he was appointed to represent petitioner and that the first time petitioner told Mr. Walker to appeal petitioner's case was in the June 19, 2004 letter which Mr. Walker received June 22, 2004.

Mr. Walker produced a letter dated April 7, 2004 and a fax confirmation sheet (Petitioner's Exh. 2) in which Mr. Walker advised petitioner of his appeal rights. Mr. Walker testified that petitioner's wife, Diane, was very much involved in communicating between Mr. Walker and petitioner in this case. Mr. Walker testified that petitioner's wife acknowledged that she had

received the letter. Finally, Mr. Walker testified that prior to June 22, 2004, petitioner never requested Mr. Walker to appeal his case.

### III. ANALYSIS

The sole issue is whether petitioner instructed Mr. Walker to appeal his case within ten (10) days of the entry of Judgment. This is solely an issue of fact.

Comparing the credibility of petitioner and his counsel, it would appear the petitioner did not instruct Mr. Walker to appeal his case at the conclusion of the sentencing hearing or at any time prior to the June 19, 2004 letter received June 22, 2004.

First, Mr. Walker is an experienced Assistant Public Defender. Any instruction to appeal by a client immediately triggers required steps by Mr. Walker and his office. Mr. Walker took no steps to appeal because no request to appeal was made by Petitioner.

Second, we have the letter dated April 7, 2004 faxed to petitioner, which petitioner's wife acknowledged receiving, in which Mr. Walker advises petitioner to contact Mr. Walker no later than April 8, 2004, if he wishes an appeal to be filed. There would have been no need for this letter if petitioner had previously instructed Mr. Walker to appeal.

Third, with documentary evidence (the June 7, 2004 letter) supporting Mr. Walker's testimony, I find that petitioner did not request Mr. Walker to appeal his case.

### IV. RECOMMENDATION

Because petitioner did not instruct Mr. Walker to appeal his case within ten (10) days of entry of judgment after having been given notice by Mr. Walker, I recommend the Motion to Vacate for Ineffective Assistance for Failing to File an Appeal **BE DENIED**.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

DATED: January 10, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE