U.S. DISTRICT COURT
FILED AT WHEELING, WV
OCT 2 2 2007
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLARD LEE HUMES,

    Petitioner,

v.	Civil Action No. 5:05CV2
	(STAMP)
UNITED STATES OF AMERICA,
	CR No. 5:03-CR-38
    Respondent.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGE

### I. Background

The pro se petitioner, Willard Lee Humes, an inmate at FCI-Morgantown, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The case was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. The United States filed a response to the petition and the petitioner replied. Additionally, the petitioner filed a motion requesting placement in a halfway house.

Following review of the petition and the response and reply thereto, the magistrate judge entered a report and recommendation recommending that the all of the petitioner's claims in his § 2255 motion be denied except for the claim that his attorney was ineffective for failing to file an appeal. The magistrate judge also recommends that the petitioner's motion to be placed in a halfway house be denied. Magistrate Judge Seibert then held an

evidentiary hearing on the issue of whether petitioner's counsel was ineffective for failing to file an appeal. Thereafter, Magistrate Judge Seibert issued a second report and recommendation recommending that the petitioner's claim for ineffective assistance of counsel for failure to file an appeal be denied. In both of the reports and recommendations, the magistrate judge informed the parties that if they objected to any portion of the reports, they must file written objections within ten days after being served with copies of the reports. No objections were filed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this case, the reports and recommendations will be reviewed for clear error.

## III. Discussion

This Court finds no clear error in the recommendations of the magistrate judge. First, the magistrate judge recommends that all

of the petitioner's claims,[1] except for the claim that he received ineffective assistance of counsel because his attorney did not file an appeal, be dismissed because they are barred by the petitioner's waiver of appellate rights in his plea agreement. This Court agrees.

In the plea agreement signed by the petitioner, the petitioner agreed to "[waive] his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255." (Plea Agreement 5). A waiver that is knowingly and voluntarily made is valid and applicable to challenges on habeas corpus petitions. United States v. Lemaster, 403 F.3d 216, 220-20 (4th Cir. 2005). The magistrate judge determined that the waiver was knowing and voluntary because the petitioner stated at the plea hearing that he understood he was waiving the right to seek any post-conviction relief, including

---

[1] In his § 2255 petition, the petitioner alleges that (1) counsel was ineffective for failing to file a notice of appeal; (2) counsel was ineffective for failing to object to the PSR regarding the number of guns for which the petitioner was held responsible and the vulnerable victim enhancement; (3) counsel was ineffective for failing to move for a downward departure under U.S.S.G. § 5K2.20; (4) counsel was ineffective for failing to object to the amount of restitution ordered to be paid; (5) counsel was ineffective for failing to appeal the denial of his motion for downward departure because of family circumstances; (6) counsel was ineffective for failing to object to the eight level enhancement based on the number of guns on the theory of Blakely v. Washington, 542 U.S. 296 (2004); (7) counsel was ineffective for failing to move for a downward departure based on his cooperation with law enforcement authorities.

relief under the habeas corpus statute. The magistrate judge further determined that the petitioner's claims, except for his claim that counsel was ineffective for failing to file a notice of appeal, are within the scope of the above waiver. The petitioner does not object to this determination and does not argue in his petition or reply to the government's response that his claims fall within the narrow class of claims that courts permit defendants to raise on appeal or collateral attack despite a waiver of appellate rights. See Lemaster, 403 F.3d at 220 n.2. Accordingly, the magistrate judge's conclusion that all of the petitioner's claims, with the exception of one, are barred by the petitioner's waiver of appellate rights is not clearly erroneous.

Second, Magistrate Judge Seibert recommends the denial of the petitioner's motion to be placed in a halfway house for six months instead of two and a half months. Because the Bureau of Prisons has the authority to designate an inmate's place of imprisonment, this Court affirms and adopts the recommendation of the magistrate judge denying the petitioner's motion to be placed in a halfway house.

Third, the magistrate judge recommends that the petitioner's claim that he received ineffective assistance of counsel because his attorney did not file an appeal of his sentence be denied. Following an evidentiary hearing, Magistrate Judge Seibert found that, based on the testimony of the petitioner's attorney and

documentary evidence presented at the hearing, the petitioner did not ask his attorney to file an appeal within ten days of the entry of judgment. Because the magistrate judge's conclusion that the petitioner did not timely instruct his attorney to file an appeal is supported by the evidence before the magistrate judge at the evidentiary hearing, this Court finds that the conclusion is not clearly erroneous.

### III. Conclusion

Because the parties have not objected to the reports and recommendations of the magistrate judge, and because this Court finds that the magistrate judge's recommendations are not clearly erroneous, the rulings of the magistrate judge are hereby AFFIRMED and ADOPTED in their entirety. Accordingly, for the reasons stated above, the petitioner's § 2255 motion is hereby DENIED. Additionally, the petitioner's motion to be placed in a halfway house for six months is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     October 22, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE